JOHN A. PRATT ET AL. *v.* TOWN OF OLD
SAYBROOK ET AL.
(14506)

PETERS, C. J., CALLAHAN, BERDON, NORCOTT and KATZ, Js.

Argued December 4, 1992—decision released March 23, 1993

*William F. Gallagher,* with whom, on the brief, were *Peter J. Bartinik* and *Cynthia C. Bott,* for the appellants (plaintiffs).

*Andrew J. O'Keefe,* with whom were *Denise Rodosevich* and, on the brief, *Michael J. Walsh,* for the appellee (named defendant).

BERDON, J. The principal issue raised in this appeal is whether the trial court correctly dismissed the named plaintiff's claim for damages caused by a highway defect because the statutory notice to the town made reference to the wrong statute.[1]

This action arises out of an automobile accident that occurred on January 6, 1987, on a highway maintained by the defendant town of Old Saybrook. The plaintiff, John Pratt, alleged that his automobile "struck a large patch of ice extending across the southerly travel portion of the road causing the plaintiff to lose control of his vehicle, which crossed over the north bound lane,

---

[1] Because of our disposition of this appeal, we need not address the named plaintiff's additional claim that the trial court erred in failing to follow the law of the case.

skidded off the road and collided with a tree . . . ."
He also alleged that as a result of the accident he
suffered serious injuries, including a brain injury that
has rendered him quadriplegic. On March 24, 1987, he
furnished the town with written notice of the accident.
Thereafter, the plaintiff[2] instituted this action against
the town and the other defendants.[3]

The town moved to dismiss the count pertaining to
it on the ground that the notice it had received was
defective. The notice incorrectly stated that it was
being given pursuant to General Statutes § 7-465,[4] the
municipal employee indemnification statute. It failed
to make reference to the correct statute, General Stat-
utes § 13a-149,[5] the municipal highway defect statute.

[2] Suzanne Wilson, the mother of John Pratt, was joined as a plaintiff in
the action seeking damages against the town in a separate count. That count
was stricken by the trial court and is not at issue before this court. Refer-
ences to the plaintiff are to the named plaintiff, John Pratt.

[3] The plaintiff also sought damages against the defendants Willi J. Benoit
and Toni Benoit, who were in possession and control of property adjoining
the public highway at the time of the plaintiff's accident. The third count
of the complaint alleged that these defendants developed their property
in such a way as to divert the flow of water from their property onto the
highway, thereby creating a nuisance that resulted in the injury to the plain-
tiff. The fourth count alleged negligence against these defendants for divert-
ing the water and creating a dangerous condition on the highway. In the
fifth count, the plaintiff's mother alleged nuisance and negligence against
these defendants and sought recovery of past and future medical expenses.

[4] General Statutes § 7-465 makes municipalities liable for certain dam-
ages caused by their employees to third parties in the course of their duties
as employees.

[5] General Statutes § 13a-149 provides: "Any person injured in person or
property by means of a defective road or bridge may recover damages from
the party bound to keep it in repair. . . . No action for any such injury
shall be maintained against any town, city, corporation or borough, unless
written notice of such injury and a general description of the same, and
of the cause thereof and of the time and place of its occurrence, shall, within
ninety days thereafter be given to a selectman or the clerk of such town,
or to the clerk of such city or borough . . . . No notice given under the
provisions of this section shall be held invalid or insufficient by reason of
an inaccuracy in describing the injury or in stating the time, place or cause
of its occurrence, if it appears that there was no intention to mislead or
that such town, city, corporation or borough was not in fact misled thereby."

The trial court held that the plaintiff had failed to satisfy the notice requirement of § 13a-149, which is a condition precedent to recovery, and granted the motion to dismiss the action against the town. The plaintiff appealed to the Appellate Court. We transferred the matter to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

We recently held pursuant to the Tort Reform Act of 1986[6] "that an action under the highway defect statute, § 13a-149, is a plaintiff's exclusive remedy against a municipality or other political subdivision 'for damages resulting from injury to any person or property by means of a defective road or bridge.' " *Sanzone* v. *Board of Police Commissioners,* 219 Conn. 179, 192, 592 A.2d 912 (1991). Therefore, a town may not be held liable for damages caused by highway defects under § 7-465 (a), since this would allow a plaintiff to circumvent the requirements of § 13a-149 by suing a municipal employee and seeking indemnification from the town. Id.

Under § 13a-149, the plaintiff must provide statutory notice within ninety days of the accident in order for an action to lie for damages caused by a defective highway that the town must maintain. "[T]he notice which the statute prescribes comprehends five essential elements: (a) written notice of the injury; (b) a general description of that injury; (c) the cause; (d) the time [and date], and (e) the place thereof." *Marino* v. *East Haven,* 120 Conn. 577, 579, 182 A. 225 (1935). In its motion to dismiss, the town failed to claim that the above five essential elements were not included in the notice.[7] The town's only claim is that the notice was insufficient as a matter of law to support an action under the highway defect statute because it incorrectly cited § 7-465

---

[6] Public Acts 1986, No. 86-338.

[7] The notice provided by the plaintiff was dated March 20, 1987, and was signed by the plaintiff's attorney. It provided as follows:

rather than § 13a-149. The trial court concluded that the incorrect citation was the equivalent of giving no notice to the town. If this were the case, the plaintiff would be barred from recovery. See *Sanzone* v. *Board of Police Commissioners,* supra, 198 ("[t]he plaintiff who fails within ninety days to provide the municipality with the statutorily required notice will be barred from any recovery").

We disagree with the trial court's conclusion that the notice required by § 13a-149 was not given simply because the plaintiff's written notice made reference to a different statute.

"NOTICE OF INJURY TO TOWN CLERK OF OLD SAYBROOK

NOTICE TO:

    Town Clerk
    Town of Old Saybrook
    Old Saybrook Town Hall
    Old Saybrook, CT 06475

Pursuant to Section 7-465 of the Connecticut General Statutes, notice is hereby given of injuries sustained due to the negligence of the municipality of the Town of Old Saybrook and its employees, the particulars of which are as follows:

PERSON INJURED:

    JOHN PRATT

DATE OF INJURY:

    1/6/87

TIME OF INJURY:

    9:37 p.m.

PLACE OF INJURY:

    Ingham Hill Road, North of Mill Rock Road
    West, Old Saybrook, CT

CAUSE OF INJURY:

    Plaintiff's automobile slid on stretch of ice covered road, lost control and smashed into a tree

DESCRIPTION OF INJURY:

    Punctured lung, left dislocated hip, pulmonary contusion, cardiac contusion, bleeding into the brain

JOHN PRATT will look to the Town of Old Saybrook for damages as provided by law. If there is any information desired by the Town of Old Saybrook in reference to this claim, please contact the undersigned.

                               JOHN PRATT"

First, there is no statutory requirement that the notice specify the statute relied upon to support the cause of action. Additionally, the town advances no practical reason why we should import such a requirement by judicial gloss. Furthermore, and more importantly, the town does not claim that it was misled or otherwise prejudiced by the plaintiff's mistake.

In determining whether the notice is sufficient, we must look to the purpose of the statute. *Sizer* v. *Waterbury,* 113 Conn. 145, 157–58, 154 A. 639 (1931); *Bassin* v. *Stamford,* 26 Conn. App. 534, 539, 602 A.2d 1044 (1992). The purpose of the notice requirement is not to set a trap for the unwary or to place an impediment in the way of an injured party who has an otherwise meritorious claim. Rather, the purpose of notice is to allow the municipality to make a proper investigation into the circumstances surrounding the claim in order to protect its financial interests. *Wethersfield* v. *National Fire Ins. Co.,* 145 Conn. 368, 372, 143 A.2d 454 (1958). More specifically, as we recently stated in *Sanzone* v. *Board of Police Commissioners,* supra, 198, the "statutory notice assists a town in settling claims promptly in order to avoid the expenses of litigation and encourages prompt investigation of conditions that may endanger public safety, as well as giving the town an early start in assembling evidence for its defense against meritless claims." We find that the notice given in this case served those purposes, notwithstanding the fact that it misstated the statutory section upon which the claim was predicated.

Finally, it is not without significance that the legislature provided a liberal saving clause in order to validate the content of a defective notice. Section 13a-149 provides that no notice "shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or

that such town, city, corporation or borough was not in fact misled thereby." Although it is limited in terms of the types of defects covered, this clause demonstrates that the legislature intended that compliance with the notice requirement be liberally construed in favor of the plaintiff. See *Isaac* v. *Mount Sinai Hospital,* 210 Conn. 721, 728, 557 A.2d 116 (1989) (citing *Johnson* v. *Sikes,* 56 Conn. 589, 596 [1888], in recognition that "a very liberal construction is given to saving statute"); *Builders Service Corporation* v. *Planning & Zoning Commission,* 208 Conn. 267, 276, 545 A.2d 530 (1988) (a court should consider a statute as a whole, reconciling its separate provisions so that a reasonable overall interpretation is achieved).

The legislature's intention that § 13a-149 should be liberally construed is made even clearer when this statute is compared with General Statutes § 13a-144, the state highway liability statute. The latter statute requires the same content for statutory notice as the municipal highway liability statute—a description of the injury, the cause, and the time and place—but it does not provide a saving clause. This court recently held in *Bresnan* v. *Frankel,* 224 Conn. 23, 26 n.3, 615 A.2d 1040 (1992), that the state highway notice requirement must be strictly construed since § 13a-144, unlike § 13a-149, does not contain a saving clause. A necessary corollary to this is that the municipal highway notice requirement should be liberally construed since it, unlike § 13a-144, does contain a saving clause.

The town also argues that the notice was legally insufficient because the plaintiff's original complaint sought damages based upon nuisance as well as negligence against the town.[8] Since § 13a-149 provides an

---

[8] In the first count of the original complaint, the plaintiffs John Pratt and his mother sought damages against the town based upon nuisance. In the second count, these plaintiffs sought damages against the town based upon negligence. In response to a request to revise filed by the town, the

exclusive remedy, the town argues, the inclusion of a nuisance claim strengthens the conclusion that the plaintiff was proceeding under § 7-465 rather than § 13a-149.[9]

The town cites no authority to support the claim that the plaintiff's allegation of nuisance somehow carved into stone the nature of the notice. The fact remains that every essential element of the notice required under § 13a-149 was furnished to the town, and that only some of those elements are required in an action for indemnification under § 7-465.[10] We refuse to invalidate the plaintiff's notice as a matter of law merely because the plaintiff's complaint sought damages pursuant to the alternative theory of nuisance. See *Dreier* v. *UpJohn Co.*, 196 Conn. 242, 245, 492 A.2d 164 (1985) ("[u]nder our pleading practice, a plaintiff is permitted to advance alternative or even inconsistent theories of liability against one or more defendants in a single complaint").

The trial court also dismissed the complaint because the plaintiff failed to allege both that the town "has a, *statutory* duty to maintain the roads in Old Saybrook," and that he "sent statutorily required

complaint was amended. In counts one and two of the revised complaint, John Pratt sued the town for nuisance and negligence, respectively. In count three, his mother sued the town for nuisance and negligence. The plaintiffs further amended their complaint on their own motion. The amended revised complaint omitted any allegations of nuisance against the town.

[9] To the same end, the town points to the fact that the named plaintiff's mother attempted to recover damages against it, while General Statutes § 13a-149 authorizes recovery only by the injured party.

[10] General Statutes § 7-465 provides in relevant part: "No action for personal physical injuries or damages to real or personal property shall be maintained against such municipality and employee jointly unless such action is commenced within two years after the cause of action therefor arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued."

notice under" § 13a-149. (Emphasis in original.) The town has not, however, pursued either of these reasons to sustain the trial court's dismissal of the action against it, so we will not consider them. We note in passing that a motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action. That should be done, instead, by a motion to strike; see *Baskin's Appeal from Probate,* 194 Conn. 635, 640, 484 A.2d 934 (1984); the practical difference being that if a motion to strike is granted, the party whose pleading is stricken is given an opportunity to replead in order to avoid a harsh result. Id.; see also Practice Book § 157.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other justices concurred.