[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
By complaint filed August 5, 1993, the plaintiffs, New London Board of Education and the City of New London, bring this action against the defendant, Hartford Fire Insurance Company, seeking to compel the defendant to fulfill its obligations under the performance bond. In its complaint, the plaintiffs allege the following facts to be true. On October 2, 1989, the plaintiffs entered into a contract with a contractor, A. Dubreuil Sons, Inc. (hereinafter "the contractor"), for the contract sum of $265,000.00. The contractor agreed to do certain work in connection with window restoration and precast concrete restoration at the Harbor School and the Charles B. Jennings School in New London, Connecticut. On October 2, 1989, the defendant, as surety, and A. Dubreuil Sons, Inc., as principal and contractor, executed a performance bond to the City of New London Board of Education as obligee and owner in the amount of $265,000.00, whereby the contractor and the defendant bound themselves to the faithful performance of the contract. As a condition of the obligation of said surety, the defendant, upon notification of default by the owner, agreed to complete the obligations under the contract. The plaintiffs allege that because the contractor failed to complete the contract in a workmanlike manner, a demand was made on the defendant to undertake completion of the project. The plaintiffs allege that the defendant has failed to complete the obligations under the contract.
On October 8, 1993, the defendant filed an answer, special defenses, and a counterclaim. In its second special defense, the defendant alleges that by communications between the representatives of the defendant and its legal counsel in 1993 prior to the plaintiffs' filing of this lawsuit, the City had agreed to apply earned contract balances otherwise due A. CT Page 232 Dubreuil Sons, Inc. to rectify any errors or omissions in the contractor's work. Moreover, the City had agreed to turn over excess contract funds to the defendant in this regard. The defendant alleges that the City has failed to perform the above and is therefore holding excess contract funds otherwise earned by the contractor.
On November 26, 1993, the plaintiff City of New London (hereinafter "City") filed a motion to strike the defendant's second special defense and an accompanying memorandum of law on the ground that it is based on settlement negotiations and offers to compromise which will not be admissible at trial.
On December 14, 1993, the defendant filed a memorandum of law in opposition to the plaintiff's motion to strike. The defendant argues that the question of admissibility is not properly raised on a motion to strike.
Pursuant to Practice Book 152, a motion to strike may be brought to test the legal sufficiency of a complaint or any of its counts. Pratt v. Town of Old Saybrook, 225 Conn. 177, 185,621 A.2d 1322 (1993). In ruling on a motion to strike, the court must construe the facts in the complaint most favorably to the plaintiff. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). This includes the facts necessarily implied and fairly provable under the allegations but does not include, however, the legal conclusions or opinions stated in the complaint. Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992).
The issue of whether a special defense should be stricken due to the fact that it refers to settlement negotiations was recently considered in First Settlement Savings and Loan Assoc. of Rochester v. Nielson, Superior Court Judicial District of New Haven, Docket No. 32 65 02 (September 16, 1992). The court, Celotto, J., denied the motion to strike and stated:
 The plaintiff's second ground for its motion to strike is that the defendants' allegations refer to settlement negotiations which are not admissible as evidence. The admissibility of evidence is not properly raised on a motion to strike. The purpose of a motion to strike is to test the legal sufficiency of the pleadings. The admissibility of evidence goes to the proof CT Page 233 of the facts pleaded, not to their legal sufficiency. Therefore, the second ground of the plaintiff's motion is not an adequate ground on which to grant a motion to strike, and it is denied.
Id.
In the present case, the plaintiff City's motion to strike is also based on the fact that the defendant's allegations refer to settlement negotiations which would not be admissible at trial. Therefore, the plaintiff City's motion to strike the defendant's second special defense is denied.