[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In his complaint dated July 19, 1993, with a return date of February 9, 1993, the plaintiff alleges a balance due for legal services rendered by the plaintiff, Charles Irving, to the defendant's decedent, James J. Vincent, and alleges a disallowance of the plaintiff's claim by the defendant as executor of the estate of James J. Vincent.
On March 12, 1993, the defendant filed an answer to the three counts of the plaintiff's complaint and a counterclaim alleging that at an unspecified date, the defendant's decedent placed with the plaintiff certain items of personal property, identified as "tall paintings" and "one statue" The defendant alleges that the plaintiff has refused to return these items.
On March 22, 1993, the plaintiff filed a request to revise, requesting that the defendant revise the allegations of the counterclaim; in particular to state the date of the alleged delivery of said items of personal property by the defendant's decedent to the plaintiff, as well as a description of the items allegedly held by the plaintiff. No objection was filed by the defendant in response to this request to revise.
On June 7, 1993, the defendant filed a "Compliance With Request To Revise" (revised counterclaim) in which the defendant revised paragraph five of his counterclaim, describing the items of personal property as fourteen paintings and one statue, and attaching an exhibit describing twelve items of personal property. CT Page 1473
On September 30, 1993, the defendant filed a "Motion For Default Against Plaintiff On Cross Complaint." As no cross complaint exists in the file the defendant appears to have moved for default for failure to plead to his revised counterclaim. On September 30, 1993, the court granted the defendant's motion for default for failure to plead.
On October 4, 1993, the plaintiff filed a motion to strike the defendant's revised counterclaim and an accompanying memorandum of law, alleging that the counterclaim attempts to join a cause of action sounding in tort with a cause of action alleging breach of contract, an impermissible joinder of causes of action pursuant to Practice Book 133 and General Statutes52-139. On October 14, 1993, the defendant filed a memorandum of law in opposition to the plaintiff's motion to strike the defendant's revised counterclaim.
On November 9, 1993, the court, Austin, J., issued a memorandum of decision stating that because the plaintiff had not moved to open the default, the filing of an answer would have been the only appropriate course of action and therefore the plaintiff's motion to strike the defendant's revised counterclaim was not properly before the court.
On November 18, 1993, the plaintiff filed a motion to open the default which was granted by the court on December 6, 1993. The plaintiff's motion to strike is now properly before the court.
Pursuant to Practice Book 152, a motion to strike may be brought to test the legal sufficiency of a pleading. Pratt v. Town of Old Saybrook, 225 Conn. 177, 185,621 A.2d 1322 (1993)
Practice Book 116 provides, in pertinent part, as follows:
"In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff provided that such counterclaim arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint . . . ."
"[T]he underlying purposes of Practice Book 116 are CT Page 1474 judicial economy, avoidance of multiplicity of litigation, and avoidance of piecemeal disposition of what is essentially one action." (Internal quotation marks omitted.) Conservation Commission v. Price, 193 Conn. 414 433, 479 A.2d 187 (1984). The "transaction test" is one of practicality, and a determination of whether the policies of Practice Book 116 are served by permitting a counterclaim is a matter for the trial court's discretion. Conservation Commission v. Price, supra, 433; Wallingford v. Glen Valley Associates, Inc., 190 Conn. 158,161, 459 A.2d 525 (1983).
In his complaint, the plaintiff seeks to recover a balance due for legal services rendered by the plaintiff, Charles Irving, to the defendant's decedent, James J. Vincent. In his counterclaim, the defendant alleges facts to establish a cause of action sounding in the tort of conversion. The defendant alleges that the defendant's decedent temporarily placed certain property in the possession of the plaintiff, his attorney, for safe-keeping. The defendant further alleges that he is presently entitled to this property and that the plaintiff has converted the same to his own use.
Each cause of action alleged by the parties relates to the attorney-client relationship between the plaintiff and the defendant's decedent. The defendant's counterclaim arises out of the transaction which is the subject of the plaintiff's complaint. See Northwestern Electric, Inc. v. Rozbicki, 6 Conn. App. 417,426, 505 A.2d 750 (1986) (court holding that a counterclaim sounding in tort could be filed in a contract action if the subject matter of the counterclaim is connected with the matter in controversy.). Because the defendant's counterclaim arises out the same transaction which is the subject of the plaintiff's complaint the court denies the plaintiff's motion to strike the defendant's revised counterclaim.
Austin, J.