[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE THIRD COUNT OF DEFENDANTS' COUNTERCLAIM
This Motion to Strike raises the issue of the applicability of (1) CUTPA to banks, and (2) common law punitive damages.
By amended complaint filed September 24, 1993, the plaintiff, Union Trust Company, seeks collection of a CT Page 3225 commercial note and money damages against the defendants, Lakshmi Basu and Bruce Baratz, as makers of a note in the principal sum of $156,000.00 payable with interest.
On November 10, 1993, defendant Lakshmi Basu (hereinafter "Basu"), filed an answer and a three count counterclaim alleging breach of contract. The defendant in the third count of her counterclaim alleges that the Union Trust Company's failure to collect rents or manage the property is a violation of CUTPA.
On November 24, 1993, the plaintiff filed a strike the third count of Basu's counterclaim and paragraphs two, three and four of Basu's demand for relief. In support of its motion, the plaintiff submitted a memorandum of law.
On December 9, 1993, Basu filed a memorandum in opposition to the plaintiff's motion to strike.
Pursuant to Practice Book 152, a motion to strike maybe brought to test the legal sufficiency of a pleading; Pratt v. Old Saybrook, 225 Conn. 177, 185, 621 A.2d 1322 (1993). In ruling on a motion to strike, the court must construe the facts in a manner most favorable to the pleader. Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992). "If facts provable in the pleading would support a cause of action, the motion to strike must be denied." Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 496, 605 A.2d 862 (1992).
The plaintiff argues that the third count of Basu's counterclaim is legally insufficient because (1) CUTPA does not apply to banks; and (2) even if CUTPA does apply to banks, it does so only in consumer transactions. The plaintiff further argues that paragraphs three and four of the demand for relief, requesting punitive damages and attorney's fees pursuant to CUTPA, should be stricken. Finally, the plaintiff argues that paragraph two of the demand for relief requesting common law punitive damages should be stricken because the counterclaim contains no allegation which would support, an award of such damages.
Basu argues that the third count of her counterclaim is legally sufficient because (1) CUTPA does apply to banks; and (2) that even if CUTPA does not apply to banks, this exception CT Page 3226 should apply only to regulated banking activities.
General Statutes 42-110b (a) provides that "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." "`Trade' and `commerce' means the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." General Statutes42-110a (4).
The Connecticut appellate courts have not yet resolved the issue of the applicability of CUTPA to banking activities. See Gaynor v. Union Trust Co., 216 Conn. 458, 482,582 A.2d 190 (1990). There is, however, a split of authority at the superior court level regarding whether CUTPA applies to banking. Whatever might be said of the applicability of CUTPA in consumer banking situations this court holds that CUTPA does not apply in this situation it being a commercial not a consumer loan. Gohsler v. Fleet Bank, N.A.,10 Conn. L. Rptr 4 at 105. Therefore the facts alleged in count three of Basu's counterclaim are insufficient to state a claim for relief under CUTPA and count three of the counterclaim and paragraphs three and four of the claims for relief are stricken.
The plaintiff also moves to strike paragraph two of Basu's prayer for relief requesting common law punitive damages. In her counterclaim, Basu alleges that the plaintiff failed to do the following:
 a. Failed to collect rents from the tenants which rents it was contractually obligated to apply toward the indebtedness on which this action is based;
 b. Failed to properly secure the premises when it was vacated by the tenants, leaving it subjected to vandalism;
 c. Failed to make necessary repairs to prevent the condition of the building from deteriorating and the value of the building from declining;
CT Page 3227
 d. Failed to pay taxes on the building, despite assurances to defendant Basu's agent that said taxes would be paid, thus subjecting the building to a claim for back taxes along with interest which accrues at the rate of 18% per annum;
 e. Refused to permit new tenants located by the defendant to occupy premises vacated by former tenants;
 f. Failed to make independent efforts to obtain new tenants to occupy units which became vacant during the time it managed the premises;
 g. Failed to obtain an account of the payment status of tenants or to make reasonable efforts to collect arrears owing from said tenants;
 h. Failed to communicate with the defendants as to its intent with respect to the property.
"Punitive damages are not ordinarily recoverable for breach of contract." Triangle Sheet Metal Works, Inc. v. Silver, 154 Conn. 116, 127, 222 A.2d 220 (1966). Punitive damages are available where the plaintiff alleges reckless indifference to the rights of others, intentional, wanton and malicious injury, evil motive or violence. Id., 127-28. These allegations do not rise to the level of wantonness and maliciousness necessary to support a claim for punitive damages. See Triangle Sheet Metal Works, Inc. v. Silver, supra, 127-28. Accordingly, the plaintiff's motion to strike paragraph two of Basu's demand for relief requesting punitive damages is granted.
Leuba, J.