[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONMOTION TO STRIKE (NO. 105)
CT Page 7401
The issue is whether the plaintiff's motion to strike the defendant's second special defense on the ground that the claims therein are legally insufficient as a matter of law should be granted. General Statutes § 31-291 enables a principal employer that has paid workers' compensation benefits to an injured employee to invoke the principal employer defense, thereby exempting itself from liability to the injured employee. The defendant, as a principal employer of the plaintiff, does not allege in its second special defense that it paid workers' compensation benefits to the plaintiff. Accordingly, the court finds the plaintiff's motion to strike the defendant's second special defense on the ground that it is legally insufficient as a matter of law is granted.
The facts in this case are as follows. The plaintiff, June Mazzone, filed a complaint on December 11, 1993, alleging in a single count that on September 19, 1992, she was on the premises of the defendant, Stop Shop Companies, Inc. ("Stop Shop"), when she was caused to slip and fall on corn meal or other gritty substance located on the floor. The plaintiff alleges that she sustained various personal injuries as a result of this incident. The plaintiff further alleges that the defendant was negligent in, inter alia, failing to keep its premises in a reasonably safe condition and failing to warn the plaintiff of the defective, dangerous and unsafe condition of the floor.
On January 25, 1994, the plaintiff's immediate employer, C.A. Demos, Inc., filed a motion to intervene as a co-plaintiff, alleging that it has paid workers' compensation benefits to the plaintiff. On February 2, 1994, the defendant Stop Shop filed an answer and two special defenses. In its second special defense, the defendant alleges that the plaintiff's action is barred by the principal employer defense, a codified in General Statutes § 31-291, by virtue of the fact that the defendant obtained workers' compensation insurance for the plaintiff through Liberty Mutual Insurance Company. The defendant further alleges that the exclusivity of the workers' compensation act bars the plaintiff's recovery.
On April 27, 1994, the plaintiff filed a motion to strike the defendant's second special defense on the ground that CT Page 7402 General Statutes § 31-291 was amended by Public Act 88-226 to allow employees whose workers' compensation benefits were paid by their immediate employer rather than by a principal employer to maintain an action against the principal employer. Additionally, the plaintiff moved to strike the defendant's second special defense on the further ground that the defendant "has not alleged [in its second special defense that] it paid workers' compensation benefits to the plaintiff."
As required by Practice Book § 155, the plaintiff has filed a memorandum in support of its motion to strike and the defendant has timely filed a memorandum in opposition.
Pursuant to Practice Book § 152, a motion to strike may be brought to contest the legal sufficiency of a complaint or any of its counts. Pratt v. Town of Old Saybrook, 225 Conn. 177, 185,621 A.2d 1322 (1993). In ruling on a motion to strike, the court must construe the facts in the complaint or special defense most favorably to the pleader. Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them. . .and if facts provable under the allegations would support a defense or a cause of action, the motion to strike must fail." (Citations omitted.) Alarm Applications, Co. v. SimsburyVolunteer Fire Co., 179 Conn. 524, 427 A.2d 822 (1980).
In her memorandum of support of the motion to strike, the plaintiff argues that "a plain reading of [General Statutes § 31-291] as amended precludes the defendant Stop Shop from claiming immunity to plaintiff's action unless [the defendant] has alleged that it paid workers' compensation benefits to the plaintiff." The plaintiff further argues that since the defendant has not alleged in its second special defense that it paid compensation benefits to the plaintiff, the second special defense is legally insufficient.
In response, the defendant argues that it has alleged in its second special defense that it provided workers' compensation insurance to the plaintiff, as an additional insured under a certificate of insurance issued by Liberty Mutual Insurance Company. Accordingly, the defendant argues that the requirements of General Statutes § 31-291, as amended, have been met.
At the time of the incident, General Statutes § 31-291
CT Page 7403 provided that:
 When any principal employer procures any work to be done wholly or in part for him by a contractor, or through him by a subcontractor, and the work so procured to be done is a part or process in the trade or business of such principal employer, and is performed in, on or about premises under his control, such employer shall be liable to pay all compensation. . .to the same extent as if the work were done without the intervention of such contractor or subcontractor. The provisions of this section shall not extend immunity to any principal employer from a civil action brought by an injured employee or his dependent under the provisions of section 31-293 to recover damages resulting from personal injury or wrongful death occurring on or after May 28, 1988, unless such principal employer has paid compensation benefits under this chapter to such injured employee or his dependent for the injury or death which is the subject of the action. (Emphasis added.)
The incident in the present case occurred on September 19, 1992, a date after which Public Act 88-226 took effect. Thus, the amended statute is applicable to the present case.
Where the language used by the legislature is plain and unambiguous, there is no room for statutory construction by the courts and the statute will be applied as its words direct.Keleman v. Rimrock Corp. , 207 Conn. 599, 60, 542 A.2d 720 (1988). The plain language of Public Act 88-226, the amendment to General Statutes § 31-291, provides that no immunity shall be extended to any principal employer unless such principal employer has paid compensation benefits to the injured employee.
The defendant does not allege in its second special defense that it paid compensation benefits to the plaintiff. Thus, the defendant has not alleged sufficient facts to invoke the principal employer defense and shield itself from liability for the plaintiff's injuries.
Accordingly, the plaintiff's motion to strike the CT Page 7404 defendant's second special defense on the ground that it is legally insufficient is granted.
WILLIAM J. McGRATH, JUDGE