[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Frank DiPalma, seeks money damages against the defendant, City of New Haven, for abrasions and broken eyeglasses he claims to have suffered in a fall.
The defendant has admitted receipt of the notice required by General Statutes § 13a-149 and responsibility for maintaining the sidewalk on which the plaintiff claims to have fallen, however it asserts that the notice was inadequate because it identified the fall as having occurred "as [the plaintiff] was walking on the sidewalk in front of 51 Livingston Street." The notice further indicates that the plaintiff claims he was caused to fall "due to a broken sidewalk." The defendant claims that because the plaintiff testified that the sidewalk in front of 51 Livingston has multiple areas where the cement is broken or eroded, the notice is insufficient. CT Page 4230
The Supreme Court has recently observed in Pratt v. OldSaybrook, 225 Conn. 177, 182-83 (1993), that the presence in § 13a-149 of a liberal savings clause "demonstrates that the legislature intended that compliance with the notice requirement be liberally construed in favor of the plaintiff." The Supreme Court noted that the inclusion of a savings clause mandates that the strict construction of the notice requirements appropriate to claims made pursuant to § 13a-144 is not applicable to issues of adequacy of notice required by § 13a-149.
The savings clause is as follows: "No notice given under the provisions of the section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was and in fact misled thereby."
Unlike the plaintiffs in the cases relied on by the defendant, Norwalk Co-op v. Town of Greenwich,7 Conn. L. Rptr. 72
(1992) the plaintiff has indicated a house number, not simply an entire street, as the location of the defect.
This court finds the notice adequate and finds that any lack of greater specificity was not intended by the plaintiff to be misleading to the defendant.
While the court finds that notice was adequate, the proof at trial was not. The plaintiff had the burden of proving his claim that he was "injured in person by means of" a defect in the sidewalk pursuant to § 13a-149. The plaintiff testified that he was on his way from his car to the house of a friend carrying a 4-5 pound can of cookies when he fell. The plaintiff made one response to the effect that he stepped "into" an unspecified area of sidewalk. When asked specifically how he had fallen, however, the plaintiff indicated that he stepped up onto the sidewalk and then tripped while he was on the sidewalk. Shown a picture of a stretch of sidewalk with an area of crumbled surface, the plaintiff pointed out an area outside the crumbled area as being the place where he tripped and the crumbled area as being the place where he landed. Asked by the court to repeat his indication as to where he tripped, the plaintiff again pointed to a smooth, level area of sidewalk to the right of the bottom portion of crumbled area depicted in a 4x6 inch photograph, Exhibit A. Though that photograph bears ink marks that were not CT Page 4231 explained by any witness nor objected to by defense counsel, the plaintiff did not testify that he tripped on the areas inked. The plaintiff testified that he was alone when he fell and he was the only witness at trial. Defense counsel did not approach to ascertain where the witness was pointing, and plaintiff's counsel proceeded with questioning as if under the impression that no causal relationship needed to be shown between the defect and the plaintiff's tripping.
The court finds that the plaintiff's testimony was self-contradictory and that his more credible and detailed description of the incident was that he tripped at a point on the sidewalk that was smooth and not defective. The plaintiff has not proven by a fair preponderance of the evidence that he fell and was injured "by means of" a defect that the defendant had a duty to remedy, and he has therefore failed to prove the required elements of his cause of action.
Judgment shall enter in favor of the defendant, which shall recover its costs.
Beverly J. Hodgson, Judge of the Superior Court