[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS AND MOTION TO STRIKE
This is a five count amended complaint brought by the plaintiff, Deneen Taylor, against the defendant, Grote Weigel, Inc. alleging wrongful termination of employment and infliction of emotional distress. Plaintiff claim she was employed by the defendant from 1989 until March 21, 1997, when her employment was terminated after a criminal trial in which testified on behalf of a fellow employee who had been terminated by the defendant for an alleged theft and was thereafter acquitted by the jury.
Count one of the complaint alleges wrongful termination for testifying truthfully in a court of law in violation of the public policy embodied in General Statutes § 53a-156. In count two, the plaintiff alleges that she was terminated for exercising her first amendment right to free speech in violation of General Statutes § 31-51q. Count three alleges a claim for a breach of the implied covenant of good faith and fair dealing. Count four alleges a cause of action for intentional infliction of emotional distress and count five alleges a claim for negligent infliction of emotional distress.
The defendant now moves to dismiss count one, and to strike counts two, three and four.
— I —
The defendant argues that count one should be dismissed because the court lacks subject matter jurisdiction, since plaintiff's common law cause of action for wrongful termination in violation of public policy in count one fails because an adequate statutory remedy exists, namely General Statutes §54-85b(a), which provides in pertinent part: CT Page 3601
 an employer shall not deprive an employee of his employment, penalize or threaten or otherwise coerce him with respect thereto, because the employee obeys a legal subpoena to appear before any court of this state as a witness in any criminal proceeding.
Because the statute of limitations under this statute has expired, the defendant argues that the court lacks subject matter jurisdiction. This claim is not meritorious.
This action is not brought under General Statutes § 54-85b (a) and therefore, any claim concerning the expiration of the statute of limitations under that statute is not relevant to this motion to dismiss. Moreover, the defendant's claim that because an adequate statutory remedy exists, the plaintiff's common law wrongful discharge claim is inappropriate does not implicate the jurisdiction of the court over the subject matter and is not properly raised on a motion to dismiss. "A motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action." Pratt v. OldSaybrook, 225 Conn. 177, 185 (1993).
Defendant's motion to dismiss count one of the complaint is denied.
— II(a) —
The defendant moves to strike count two on the ground that the complaint does not allege that the plaintiff was discharged for exercising her free speech rights and therefore, it fails to state a claim under General Statutes § 31-51q. The plaintiff claims that she has sufficiently alleged a claim under General Statutes § 31-51q.
Section 31-51q creates a cause of action for damages to protect employees from retaliatory action illegally grounded in the employees' exercise of enumerated constitutionally protected rights. D'Angelo v. McGoldrick, 239 Conn. 356, 360 (1996). In order to plead a violation of Section 31-51q, the plaintiff must allege: (1) that she was exercising rights protected by thefirst amendment to the United States Constitution or by an equivalent provision of the Connecticut Constitution; (2) that she was fired `on account of' her exercise of such rights; and (3) that her exercise of first amendment or equivalent state constitutional CT Page 3602 rights did not substantially or materially interfere with her bona fide job performance or with her working relationship with her employer. Sherman v. Sedgwick James of Connecticut, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326150 (February 10, 1997, Melville, J.).
In count two, the plaintiff alleges that she was terminated in violation of General Statutes § 31-51q "in that the Defendant terminated her on account of her exercise of rights guaranteed by the First Amendment to the United States Constitution of Section 3, 4, or 14 Article first of the Constitution of the State of Connecticut." Count two incorporates the allegations of count one wherein the plaintiff alleges that she was terminated for having testified on behalf of a fellow employee in a court of law. Viewing the allegations of count two in the light most favorable to the plaintiff, it appears that plaintiff has sufficiently alleged that she was terminated for exercising her right to free speech.
— II(b) —
The defendant also moves to strike count two on the ground that General Statutes § 54-85b, a more specific statute, governs over General Statutes § 31-51q, a more general statute and therefore the count is insufficient. General Statutes § 31-51q protects an employee from discharge or discipline on account of the employee having exercised her constitutional right to free speech. General Statutes § 54-85b protects an employee from discharge or discipline because the employee obeyed a legal subpoena to appear as a witness in a criminal proceeding.
While arguably both statutes prohibit discharge or discipline of an employee who exercises her right to free speech, General Statutes § 54-85b was enacted for a different reason. The legislative history of this statute indicates that it was enacted in order to protect an employee from retaliation for appearing as a witness in a criminal proceeding and not for the content of any testimony given. Employees subpoenaed to appear as witnesses might miss several days of work resulting in the threat of losing one's job and such apprehension might dissuade them from obeying the subpoena in the absence of statutory protection.
See Conn. Joint Standing Committee Hearings, 1981 Sess., pp. 1221-49. In the present case, the plaintiff alleges that she was fired for testifying truthfully on behalf of her fellow employee CT Page 3603 and not because she was subpoenaed as a witness and the defendant's claim is not persuasive.
Motion to strike count two is denied.
— III —
The defendant moves to strike count three on the ground that it fails to allege an actionable common law public policy violation necessary to support a claim for breach of the implied covenant of good faith and fair dealing. Specifically, the defendant argues that the plaintiff's claim of retaliation for giving testimony in count one is governed by General Statutes § 54-85b, and because the statutory claim is time barred it should be dismissed. Therefore, because a claim for breach of the implied covenant of good faith and fair dealing is coterminous with and extends no further than the action for the underlying public policy violation, count three is legally insufficient.
The plaintiff argues that she has made no claim under General Statutes § 54-85b that an at will employee has a cause of action in contract for a violation of the implied covenant of good faith and fair dealing when her termination is claimed to be in violation of public policy.
The implied covenant of good faith and fair dealing is essentially a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. Magnan v. Anaconda Industries Inc.,193 Conn. 558, 567 (1984). In that case our Supreme Court stated "[a]lthough we endorse the applicability of the good faith and fair dealing principle to employment contracts, its essence is the fulfillment of the reasonable expectations of the parties. Where employment is clearly terminable at will, a party cannot ordinarily be deemed to lack good faith in exercising this contractual right. Like other contract provisions, which are unenforceable when violative of public policy, the right to discharge at will is subject to the same restriction."
Absent a showing that the discharge involves an impropriety which contravenes some important public policy, an employee may not challenge a dismissal based upon an implied covenant of good faith and fair dealing." Carbone v. Atlantic Richfield Co.,204 Conn. 460, 471 (1987). See also Battista v. United IlluminatingCo., 10 Conn. App. 486, 495 cert. denied, 204 Conn. 802, 803
CT Page 3604 (1987) (holding that a cause of action for a violation of the implied covenant of good faith and fair dealing "is coterminous with, and extends no further than, a cause of action for wrongful discharge in tort").
The plaintiff's claim for breach of the implied covenant of good faith and fair dealing in count three is based on a violation of public policy as set forth in count one namely, that she was terminated for having testified truthfully in a court of law.
The motion to strike count three is denied.
— IV —
Count four alleges a cause of action for intentional infliction of emotional distress, which requires a showing that the conduct of the defendant was "extreme and outrageous." Peytonv. Ellis, 200 Conn. 243, 253 (1986). The alleged conduct must exceed all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. DeLaurentis v. New Haven,220 Conn. 225, 266-67 (1991). Whether the defendant's conduct and the plaintiff's resulting distress are sufficient to satisfy either of these elements is a question, in the first instance, for the court. Mellaly v. Eastman Kodak Co., 42 Conn. Sup. 17, 18
(1991).
In the present case, the plaintiff alleges in count four that the defendant's conduct in terminating the plaintiff was extreme and outrageous because she was discharged for exercising her constitutional right to free speech.
However, the defendant's termination of the plaintiff, even if wrongfully motivated and on account of her testimony at the trial, does not transgress the bounds of socially tolerable behavior or rise to the required level of extreme or outrageous conduct. See Parsons v. Sikorsky Aircraft Division, Superior Court, judicial district of Fairfield, Docket No. 280394 (March 1, 1996, Levin, J.).
The motion to strike count four is granted.
In summary, defendant's motion to dismiss count one and its motion to strike counts two and three of the complaint is denied. CT Page 3605 Defendant's motion to strike count four is granted.
Jerry Wagner Judge Trial Referee