[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS (#102)
The plaintiff, Warren Miller, an attorney licensed to practice law in the State of Connecticut, seeks damages from the defendants for violations of Connecticut General Statutes §§38a-394[1] and 38a-318, et seq., Connecticut's Unfair Insurance Practices Act ("CUIPA"). The defendants are Coregis Insurance Group, an insurance company that is licensed to write professional liability insurance in the State of Connecticut, and Smith Insurance, Inc., the insurance broker/agent for Coregis CT Page 4555 Insurance.
The defendants issued to the plaintiff a lawyers professional liability insurance policy. The policy period was from May 22, 1996 to May 22, 1997. Subsequent to entering into this contract for insurance, the plaintiff was sued by a former client for professional malpractice that allegedly occurred between May 25, 1990 and August 3, 1994.
The plaintiff presented the malpractice claim to the defendants for defense of the claim and payment for any judgment which may result. The defendants refused acceptance of the claim and denied coverage because the plaintiffs policy of liability insurance did not cover claims which may have originated before May 22, 1996, according to the plaintiffs complaint.
The plaintiff filed a four count complaint on May 21, 1998, alleging that the defendants violated the requirements of General Statutes § 38a-394 by failing to include in the professional liability insurance policy issued to him, provisions for prior act coverage, or provisions for the purchase of prior act coverage, as required under the statute.
The plaintiff also alleged that as a result of the defendants' failure to include this mandatory provision, the defendants have "committed an unfair trade practice" in violation of General Statutes § 38a-815, et seq., CUIPA.
On August 13, 1998, the defendant, Coregis Insurance, moved to dismiss count two (violation of General Statutes § 38a-394 — as to Coregis) and count four (violation of General Statutes § 36a-815, et seq., CUIPA — as to Coregis) of the complaint on the grounds that no private cause of action exists under these statutes. The defendant also filed a memorandum of law in support. On December 23, 1998, the plaintiff filed a memorandum of law in support of his objection to the motion to dismiss.
At the outset, the court notes that the arguments made by the defendant in its brief attack the legal sufficiency of the plaintiff's complaint rather than the court's jurisdiction.
"[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action. That should be done, instead, by a motion to strike . . . the practical difference being that if a motion to strike CT Page 4556 is granted, the party whose pleading is stricken is given an opportunity to replead in order to avoid a harsh result." (Citation omitted.) Pratt v. Old Saybrook, 225 Conn. 177, 185,621 A.2d 1322 (1993).
Since the motion to dismiss was pled, two amended complaints have been filed by the plaintiff, the most recent of which does make some attempt to allege a CUTPA violation based on CUIPA, thus correcting a glaring omission in the first complaint.
While the court is aware that it has the authority to treat the pending motion to dismiss as a motion to strike (seeMcCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 527,590 A.2d 438 (1991)), it declines to do so since the issues which really need to be decided have not been adequately briefed.
Koletsky, J.