[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 4194
On or about February 4, 1999, the corporate plaintiff, having an office and principal place of business in Brookfield, Connecticut, responded to solicitations by CMES, Inc., then agent for the defendant, Southbury Diagnostic Imaging Center, LLC., which has its principal place of business in Southbury, Connecticut. The plaintiff furnished proposals under which it offered to perform certain specified work pertaining to the construction of the electrical system and transformer feeder for the defendant's project. It substantially performed all agreed upon work, and the defendant was obligated to pay it a total of 170,482.36, $58,805 of which has been paid. On August 6, 1999, NY-Conn filed a certificate of mechanic's lien in the amount of $111,677.38 against the defendant, which sum is the present amount due and owing.
On October 20, 1999, the plaintiff instituted a foreclosure of its mechanic's lien together with seven additional counts alleging: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; (3) unjust enrichment; (4) quantum meruit; (5) detrimental reliance; (6) violation of CUTPA; and (7) claim for punitive damages. On November 22, 1999, the parties agreed to substitute a bond in the amount of $111,677.38 for the plaintiff's lien. The plaintiff then filed a motion for leave to file an amended complaint to reflect the substitution of the bond for the mechanic's lien. On December 27, 1999, the defendant filed a motion to dismiss for improper venue.
"[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action." Pratt v. Old Saybrook, 225 Conn. 177, 185 (1993). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624 (1983). The defendant argues that because both the property on which the mechanic's lien has been placed, and the defendant's principal place of business are in Southbury, the Judicial district of Ansonia-Milford or the Judicial district of Waterbury is the proper venue rather than the Judicial district of Danbury. The defendant relies solely on § 51-345 (b)(4) of the General Statutes, which governs venue in actions involving land. CT Page 4195 "If the land is located in the town of Southbury, and either the plaintiff or the defendant resides in the town of Southbury, the action may be made returnable at the option of the plaintiff to either the judicial district of Ansonia-Milford or the judicial district of Waterbury."
Section 49-37 (a) of the General Statutes provides, in relevant part that "[w]henever a bond is substituted for any lien after an action for the foreclosure of a lien has been commenced, the plaintiff in the foreclosure may amend his complaint, without costs, so as to make the action one upon the bond with which the plaintiff may join an action to recover upon his claim." The underlying contract dispute determines venue where a bond is substituted for a mechanic's lien. Paul Szewczyk Excavating v.Connecticut Post Limited Partnership, Superior Court, judicial district of Middlesex, Docket No. 64202 (April 7, 1992, Austin,J.).
The plaintiff correctly argues, therefore, that the present case is no longer an action in which the plaintiff is seeking foreclosure of the mechanic's lien. The present action is essentially contractual because the bond was substituted for the plaintiff's lien. See A. Petrucci Construction Co. v. AlaimoExcavators Blasters, Inc., Superior Court, Docket No. 032322 (July 9, 1990, Fuller, J.). As a civil action brought by a corporation, the present case is governed by General Statutes § 51-345 (c), which provides, inter alia, that: "In all actions by a corporation . . . civil process shall be made returnable . . . . [i]f the plaintiff is a domestic corporation . . . and the defendant is a corporation . . . to the judicial district where . . . theplaintiff has an office or place of business. . . ." (Emphasis added.) Section 51-345 (c)(2)(A) of the General Statutes. Therefore, the Judicial district of Danbury is not an improper venue.
Accordingly, for the above reasons the defendant's motion to dismiss for lack of proper venue is denied. However, related litigation between these parties is already pending in the judicial district of Waterbury, and the court suo motu transfers this case to that district for the ultimate resolution of all controversies between them.
Moraghan, J. CT Page 4196