[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (MOTION NO. 104)
The plaintiff Gilbert is the biological mother of a mentally impaired adult, Michael Lota; Gilbert was appointed by the Probate Court as legal guardian for her son, who is currently in the custody of the Department of Mental Retardation. Gilbert has brought suit against James G. McGauhey, the Executive Director of this state's Office of Protection and Advocacy (OP A) for persons with disabilities; he is sued in his official capacity.[1]
The plaintiff, who is pro se, brought an original complaint in which she alleges her son has been denied the right to attend religious services, his right to privacy, the opportunity to celebrate his birthday and certain holidays, and has not received proper care or medical treatment. Gilbert also alleges the defendant has conducted meetings and/or hearings without notifying her,[2] her son, or her son's attorney and that the defendant has not properly investigated her complaints with regard to these matters. She alleges generically that the defendant has violated both hers and her son's rights and seeks punitive damages. No statutory or readily identifiable common law cause of action is stated in the original complaint which is expressed in letter form.
On January 25, 2002, the defendant filed this motion (number 104) addressed to the original complaint together with a memorandum of law.[3]
He claims the Court lacks subject matter jurisdiction since, because the defendant is sued in his official capacity, this is a suit against the State of Connecticut and the doctrine of sovereign immunity bars the action. On March 8, 2002, the plaintiff objected. In her memorandum of law, she states: (1) although her original complaint is "admittedly unpolished and unsophisticated,"[4] it is sufficient to state acts which are both unconstitutional and in excess of statutory authority, which acts are not barred by sovereign immunity; and (2) latitude should be given her as a pro se plaintiff so as to imply causes of action not directly stated. No reply brief has been requested or filed by the Attorney General's office. Both parties appeared before this court for argument on March 11, 2002, ultimately agreeing to the court's taking the matter on the papers. Given the state of the pleadings, the court can address only the single Motion to Dismiss addressed to the original CT Page 6642 complaint.[5]
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544 (1991). It "is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action." Pratt v. Old Saybrook, 225 Conn. 177, 185 (1993). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Martinez v. Dept. of Public Safety,258 Conn. 680, 683 (2001). "When a [trial] court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . Because this case comes to us on a threshold sovereign immunity issue, pursuant to a motion to dismiss . . . we do not pass on whether the complaint was legally sufficient to state a cause of action." (Citations omitted; internal quotation marks omitted.) Antinerella v. Rioux, 229 Conn. 479,489 (1994).
"We have . . . recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state . . . In its pristine form, the doctrine of sovereign immunity would exempt the state from suit entirely, because the sovereign could not be sued in its own courts and there can be no legal right as against the authority that makes the law on which the right depends." (Citations omitted.) Shay v. Rossi, 253 Conn. 134, 168 (2000). However, this bar has been modified over the years both by decisional law and by legislation which confers the State's consent to sue. Thus is the case where it is alleged the state official was acting in excess of statutory authority or pursuant to an unconstitutional statute. Where "no substantial claim is made that the defendant officer is acting pursuant to an unconstitutional enactment or in excess of his statutory authority, the purpose of the sovereign immunity doctrine requires dismissal of the suit for want of jurisdiction." (Citations omitted.) Id., at 169.
The allegations of the plaintiff's original complaint do not prompt that conclusion. No claim therein is made either that the defendant was exercising authority conferred upon him by a statute which itself is unconstitutional; nor is there anywhere in that complaint an assertion the defendant acted in excess of the authority granted him. The plaintiff does specifically state both hers and her son's rights were violated. Paragraphs 12 and 13 of p. 1 of the original complaint. She states neither she nor her son nor her son's attorney were ever notified of CT Page 6643 meetings allegedly held by the OP A, which meetings were about her and/or her son and that such notification was in violation of Connecticut General Statute § 46ba-11f. That statute, however, concerns the evaluation of a person's ability to pay and the agency's obligation to periodically review a case to determine the need for continuation or modification of the services provided. In any event, it is silent with regard to notice.
While the original complaint also contains the troubling allegation her son was denied the opportunity to go "to church and receive blessings every Saturday evening" (paragraph 10, p. 2), it does not assert the son was denied all opportunity to practice his religion or that her son requested permission to attend religious services or that such Saturday evening services were available. Given the broad discretion the enabling legislation has conferred upon the OP A, this court cannot conclude that, on the basis of information provided here, this case presents under circumstances which prompt the conclusion the plaintiff's right to be free from the consequences of the actions here alleged outweigh the government's right to conduct its affairs without unwarranted intrusion.
It is so that courts are to interpret the allegations of complaints in favor of retaining jurisdiction. See Antinerella v. Rioux, 229 Conn. 479,489 (1994). Yet allegations that state conclusions of law are not to be given presumptive validity. Shay, supra, at 141. Nor are there sufficient facts here alleged to conclude the personal immunity afforded the defendant under Connecticut General Statute § 4-165 should not apply as would be the case had it been alleged he acted wilfully or maliciously or in excess of his authority. The original complaint is devoid even of the conclusory allegation the defendant acted recklessly or with bad intent.
The Motion to Dismiss the original complaint is granted for want of jurisdiction.
B. J. SHEEDY, J.