[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Wireless Connection, filed this action against the defendants, Wireless Concepts of Orange, d/b/a Wireless Zone, and Robert Mancini, for breach of contract, Connecticut Unfair Trade Practices Act violations and unjust enrichment. The plaintiff alleges the following facts. During the summer of 2000, the plaintiff entered into an oral contract with the defendants, whereby the plaintiff would submit new activations for Verizon phone service through the defendants in return for a portion of the commissions received. The parties terminated this agreement on March 3, 2001. The defendants have failed to pay the plaintiff commissions for the months of January, February and the first two days of March, 2001.
The defendants filed a motion to dismiss on April 4, 2002, claiming that the court lacks subject matter jurisdiction because "[t]he Plaintiff fails to state a cause of action that is properly before this court because the contract between the Plaintiff and the Defendants violates public policy." The plaintiff counters that the contract does not violate public policy.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983). "[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action." Pratt v. Old Saybrook, 225 Conn. 177, 185, 621 A.2d 1322
(1993).
In their memorandum of law in support of the motion to dismiss, the CT Page 11716 defendants argue that the contract is a violation of public policy, but they do not explain how this implicates subject matter jurisdiction. The issues raised by the defendants pertain to the merits or the legal sufficiency of the complaint, not the subject matter jurisdiction of the court. "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Federal DepositInsurance Corporation v. Crystal, 251 Conn. 748, 763, 741 A.2d 956
(1999). The arguments made by the defendants are not a proper basis for a motion to dismiss. Accordingly, the defendants' motion to dismiss is denied.
White, J. CT Page 11717