[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS TO DISMISS (MOTIONS NO. 104 and 108)
The plaintiff (Cox) has sued Chicago Title Insurance Company (Chicago) and Robert Rosati (Rosati) as attorney for the seller of real property located in Stratford. Pursuant to an agreement, Cox gave a deposit to Rosati to hold in escrow until the closing of title. After the agreement had been executed, it is alleged Rosati added language authorizing immediate disbursement of the deposit. When Cox discovered the alteration, she sought — and obtained — assurances from Rosati that, if she agreed to release the money, she would be protected by a purchaser's lien as provided by law.[1] Rosati assured her the seller had good title and that there was sufficient equity in the property. Cox's concerns stemmed from litigation over the property, which suit was pending in Stamford, Connecticut. Chicago also assured her the litigation lacked merit and that she would be insured over. With such assurances from Rosati and Chicago, Cox released her deposit and recorded the agreement to secure her deposit pursuant to Connecticut General Statute § 49-92a. In fact, Cox was sued in that litigation, the claim being that the unit on which she had placed a deposit was not legally created. She claims that, assurances to the contrary, Chicago has taken no steps to defend her in that suit. The sale of the condominium did not proceed. Cox, who claimed the seller had breached the contract, initiated a civil suit to foreclose her purchaser's lien. The seller, who presently holds the deposit as liquidated damages, claims Cox breached the contract and has asserted a counterclaim in that suit and seeks the deposit of $29,900 as damages for Cox's alleged breach.
Cox's claim against Rosati here is that his assurances to her as above stated have impaired her lien. Rosati has moved to dismiss the complaint[2] for lack of subject matter jurisdiction and asserts the plaintiff's claim is not ripe for adjudication and nonjusticiable. In short, he claims that, because the plaintiff is currently litigating her entitlement to recover the deposit, her claim here can be only that she might not be able to recover the full CT Page 11925 amount of her deposit in the foreclosure action and that, until such time as she recovers less than the full deposit, her right has not been "impaired." Thus, Rosati asserts, her action is premature.[3]
The plaintiff disagrees and asserts there is justiciability because she claims more than the amount of her deposit as damages.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544 (1991). "[I] n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v.Branford, 247 Conn. 407, 410-11 (1999). "The plaintiff bears the burden of proving subject matter jurisdiction. . . ." Fink v. Golenbock,238 Conn. 183, 199 n. 13 (1996). Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. Federal Deposit Ins. Corp. v.Crystal, 251 Conn. 748, 763 (1999).
Justiciability requires: (1) there be an actual controversy between or among the parties to a dispute; (2) the interests of the parties be adverse; (3) the matter in controversy be capable of adjudication by judicial power; and, (4) the determination of the controversy result in practical relief to the complainant. Board of Education v. Naugatuck,257 Conn. 409, 416 (2001).
The defendant argues the first prong of the test is not met because a "controversy" is absent until such time as she recovers less than her full deposit in the foreclosure action. This ignores the plaintiff's assertion, in paragraph 15 of the first count, that she has "incurred substantial legal expense" in the defense of the foreclosure action as a result of the defendants' refusal to defend her. That is separate and apart from whether she recovers the $29,900 deposit. An actual controversy exists where there is a bonafide and substantial issue which requires settlement. Where, as here, it is alleged both defendants represented there was no issue surrounding title to the condominium and where it is alleged Chicago represented the Stamford litigation had no merit and that, if sued, it would defend her in that forum, there is clearly a controversy whether, as a result of the alleged misrepresentations, Cox has incurred damages for which one or both defendants is liable. Each of the other prongs of the test of justiciability is also satisfied. The parties' interests are adverse, the matter in issue is capable of CT Page 11926 resolution by judicial power, and the court is capable of granting relief. Our Supreme Court has stated that, as a general rule, "where the underlying dispute has not been resolved, the court is capable of affording the plaintiff relief." Id., at 425-26. The plaintiff's claims are not contingent upon the outcome of her foreclosure action, in the face of the claim the defendant's (Rosati's) conduct has caused her to incur losses beyond the loss of the deposit. In a case with similar facts, a Superior Court judge has found the plaintiff's allegations that he "has incurred, and will incur, attorney's fees and costs and expenses" were sufficient to survive a motion to dismiss. See Tomback v. Lyons, judicial district of Fairfield at Bridgeport, Docket no. 305739 (September 2, 1997, Hartmere, J.). Whether in fact Rosati's statements rise to the level of actionable misrepresentations does not go to subject matter jurisdiction. A motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action. Pratt v. Old Saybrook, 225 Conn. 177, 185 (1993). Nor can it resolve issues of fact peculiarly within the province of a jury.
Rosati also argues Cox's CUTPA claim in the Fourth Count should be dismissed on the ground either that the plaintiff cannot prove an ascertainable loss of money or property as required by Connecticut General Statute § 42-110b (a) or on the ground attorneys may not be sued for violations of CUTPA unless the claim arises out of the entrepreneurial aspects of the practice of law as held in Beverly HillsConcepts, Inc. v. Schatz Schatz, Ribicoff and Kotkin, et al,247 Conn. 48, 79 (1998). As to both claims, they are improperly the subject of a motion to dismiss.
The court notes the co-defendant (Chicago) filed a Motion to Dismiss (motion no. 108) on July 23, 2002, advancing the same arguments upon which Rosati relies. This ruling is therefore determinative of that motion also.
The Motions to Dismiss (motions no. 104 and 108) are denied.
SHEEDY, JUDGE.