[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises from a dog attack on a minor child. On February 6, 1995, the plaintiffs, Nicholas and Carol Pastore, filed a revised three-count complaint against the defendants, Michael and Linda Mancini. The revised complaint alleges that on May 1, 1993, a dog owned and kept by the defendants attacked and bit, without provocation, the plaintiffs' minor child, Lisa Pastore. The revised complaint alleges that me attack, occurred on the grounds of the Montowese Ball Field in North Haven, Connecticut. The revised complaint further alleges that at the time of the attack, Lisa Pastore was not teasing, tormenting, or abusing the dog or committing a trespass or any other tort.
In Count One, the father, on behalf of the minor plaintiff, seeks relief for the child's injuries under Connecticut's dog bite statute, General Statutes § 22-357. In Count Two, Carol Pastore seeks relief for the emotional distress she allegedly suffered as a result of witnessing the dog attack her daughter. Apparently, within Count Two, the plaintiffs are attempting to join two separate causes of action, alleging that the defendants are liable to Carol Pastore for her emotional distress pursuant to a cause of action based both upon the dog bite statute and the common law doctrine of bystander emotional distress. In Count Three, Carol Pastore seeks relief under the common law doctrine of negligent infliction of emotional distress. CT Page 12122
On February 16, 1995, the defendants filed a motion to strike Counts Two and Three of the revised complaint. In accordance with Practice Book § 155, the defendants have filed a memorandum in support of the motion to strike. In addition, the plaintiffs have timely filed a memorandum in opposition to the motion to strike.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). Specifically, the motion to strike tests the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted.Pratt v. Old Saybrook, 225 Conn. 177, 185, 621 A.2d 1322 (1993). The motion to strike "admits all facts well pleaded." RKConstructors, Inc. v. Fusco Corp., supra, 383 n. 2. Therefore, the court is limited to the facts alleged in the pleadings. Rowe v.Godou, 209 Conn. 273, 273, 550 A.2d 1073 (1988). Also, the court is limited to considering the grounds specified in the motion.Meredith v. Police Commission, 182 Conn. 138, 140, 438 A.2d 27
(1980). Finally, in ruling on the motion to strike, "the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff." Rowe v. Godou, supra, 209 Conn. 278.
Count Two seeks relief for the emotional injuries allegedly suffered by Carol Pastore as a result of witnessing the defendants' dog attack and bite her daughter. Count Two joins two causes of action: one based upon the dog bite statute, General Statutes § 22-357, and another based upon the common law doctrine of bystander emotional distress.
The defendants argue that the cause of action under the dog bite statute, General Statutes § 22-357, should be stricken because plaintiff Carol Pastore does not fall within the class of persons the statute was designed to protect.[1] Plaintiff Carol Pastore argues that "the defendants are liable to her for those injuries pursuant to the common law doctrine of bystander emotional distress and Connecticut General Statutes §22-357." Memorandum of Law in Support of Objection to Defendants' Motion to Strike, p. 2 (March 21, 1995).
General Statutes § 22-357 states in relevant part "[i]f any dog does any damage to either the body or property of anyperson, the owner or keeper . . . shall be liable for such damage." (Emphasis added.) In the interpretation of a statute, CT Page 12123 § 1-1(a) of the General Statutes provides that "words and phrases shall be construed according to the commonly approved usage of the language." In addition, "`[i]n construing a statute, common sense must be used and courts will assume that the legislature intended to accomplish a reasonable and rational result.'" State of Connecticut v. Hinton, 227 Conn. 301, 320,630 A.2d 593 (1993).
The term "body" is not defined in General Statutes §22-357. Black's Law Dictionary generally defines "body" as "[t]he main part of the human body; the trunk." (6th Ed. 1990). Webster's Third New International Dictionary defines "body" as "the material part or nature of man." (3d Ed. 1971). While General Statutes § 22-357 also does not define "person," a Superior Court case defined "personal injuries," in the context of loss of consortium, as "injury to any part of any person, including those parts which govern the wide range of psychological, mental and emotional activities that characterize human beings, and lend so much to their relationships with others." Krosky v. Bushnell Towers Condo, JD of Hartford-New Britain at Hartford, DN. 0509459 7 Conn. L. Rptr. 528
(October 9, 1992) (Walsh, J.). The court concludes that because General Statutes § 22-357 allows recovery for damage to the body of a person, "body" should be interpreted as less than the combined physical and mental aspects of a person. Therefore, "body" is limited to the physical part of a person.
The court concludes that the motion to strike as to paragraphs 1-5 of Count Two is granted because plaintiff Carol Pastore does not fall within the class of persons General Statutes § 22-357 was designed to protect.
In moving to strike Count Two, the defendants further argue that Connecticut does not recognize a cause of action for bystander emotional distress. There is a split of authority among Superior Court judges as to the recognition of a cause of action for bystander emotional distress. Despite the split, out of three Superior Court cases considering a cause of action for bystander emotional distress in the context of a dog bite, all three chose to recognize a cause of action for bystander emotional distress.[2] Given v. Intino, JD of Tolland at Rockville, DN. 54733 (February 1, 1995) (Rittenband, J.);Stubenhaus v. Moncheski, JD of Ansonia/Milford at Milford, DN. 47209 (November 30, 1994) (Thompson, J.);Robson v. Schoenster, JD of Stamford/Norwalk at CT Page 12124 Stamford, DN. 108953 3 Conn. L. Rptr. 275 (February 21, 1991) (Ryan, J.).
In Given v. Intino, supra, the court, conclude that there is no clear interpretation of Strazza v. McKittrick, 146 Conn. 714,156 A.2d 149 (1959) and that Strazza v. McKittrick, supra, Amodiov. Cunningham, 182 Conn. 80, 438 A.2d 6 (1980), and Maloney v.Conroy, 208 Conn. 392, 545 A.2d 1059 (1988), are factually distinguishable, chose to recognize a cause of action for bystander emotional distress incurred by witnessing a dog bite and the resulting injuries. In Strazza v. McKittrick, supra, 719, the court held that the plaintiff could not "recover for injuries occasioned by fear of threatened harm or injury to the person or property of another." (Emphasis added.) In Maloney v. Conroy,
supra, 393, the plaintiff sought recovery for severe emotional distress as a result of the alleged medical malpractice of physicians in treating her mother. Similarly, in Amodio v.Cunningham, supra, 81, the plaintiff sought recovery for emotional distress as a result of the alleged negligence of physicians which caused the death of her daughter.
In Stubenhaus v. Moncheski, supra, the court noted that there are no definitive Appellate or Supreme Court decisions on this issue and recognized a split of authority at the Superior Court level. The court interpreted Maloney v. Conroy as leaving open the possibility of bystander emotional distress in situations other than medical malpractice and concluded that the policy considerations in Maloney v. Conroy were not relevant in determining whether to recognize a cause of action for bystander emotional distress in the context of a dog bite. Based on these conclusions, the court held that a cause of action for bystander emotional distress in the context of a dog bite case should be recognized.
The court in Robson v. Schoenster, supra, concluded that the holding in Strazza v. McKittrick should be limited to the fear of injury to another, that Amodio v. Cunningham left open the possibility of bystander emotional distress by discussing theThing v. La Chusa standard, and that Maloney v. Conroy is limited to medical malpractice situations. In recognizing a cause of action for bystander emotional distress, the court held that the plaintiff fulfilled the requirements set out in Thing v. LaChusa, 48 Cal.3d 644, 771 P.2d 814 (1989). id. In Thing v. LaChusa, supra, 815, the California Supreme Court refined the elements delineated in Dillon v. Legg, 68 Cal.2d 728, 441 P.2d 912
(1968), which first recognized a cause of action for CT Page 12125 bystander emotional distress. The California Supreme Court inThing v. La Chusa held that "damages for emotional distress should be recoverable only if the plaintiff: (1) is closely related to the injury victim; (3) is present at the scene of the injury-producing event at the time it occurs and is aware that it is causing injury to the victim and, (3) as a result suffers emotional distress beyond that which would be anticipated in a disinterested witness." Id.
In keeping in step with that trend, the motion to strike that portion of Count Two relating to the cause of action for bystander emotional distress is denied. In paragraphs 14 and 6-12 of Count Two, the plaintiff has alleged sufficient elements to support a cause of action for bystander emotional distress. Absent paragraphs 1-4 of Count Two, the plaintiff's claim for bystander emotional distress cannot stand. Therefore, pursuant to Practice Book § 158,[3] the motion to strike paragraphs 1-4
and 6-12 of Count Two is denied.
Additionally, since paragraph 5 of Count Two alleges a violation of General Statutes § 22-357, and the plaintiff is not within the class of persons the statute is designed to protect, the allegations in paragraph 5 are insufficient as a matter of law. Therefore, the defendants' motion to strike paragraph 5 of Count Two is granted.
The defendants argue that Count Three of the plaintiffs' revised complaint should be stricken because Connecticut does not recognize a cause of action for negligent infliction of emotional distress. Plaintiff Carol Pastore emphasizes that Connecticut courts have recognized a cause of action for negligent infliction of emotional distress.
A cause of action for negligent infliction of emotional distress was first recognized by the Connecticut Supreme Court inMontinieri v. Southern New England Telephone Co., 175 Conn. 337,398 A.2d 1180 (1978). Negligent infliction of emotional distress is applicable when "a defendant should have realized that its conduct involved an unreasonable risk of causing the distress, and from the facts known to it, should have realized that the distress, if it were caused, might result in illness or bodily harm." Id., 341. In addition, contrary to intentional infliction of emotional distress, "recovery for unintentionally-caused emotional distress does not depend on proof of either an ensuing physical injury or a risk of harm from physical impact." Id., CT Page 12126 345. Therefore, the emotional distress "must be reasonable in light of the conduct of the defendants." Barrett v. DanburyHospital, 232 Conn. 242, 261, 654 A.2d 748 (1995).
Accordingly, the motion to strike Count Three of the plaintiffs' revised complaint is denied as Connecticut courts have recognized a cause of action for negligent infliction of emotional distress.
For the foregoing reasons the defendants' motion to strike is granted as to paragraph 5 of Count Two and denied with respect to both the remainder of Count Two and Count Three.