[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The defendants have moved to strike counts one, four and six of the plaintiffs' revised complaint. The plaintiffs have filed an objection. The motion to strike the first count is denied. The motion to strike the fourth and sixth counts is granted.
The plaintiffs allege a six year old child, Jessica Gangemi, was injured while walking towards the defendants' house with her grandmother, Lucille Sahagian. In the first count, plaintiff Rebecca Gangemi alleges a claim on behalf of the child under the provisions of the dog bite statute, General Statutes §22-357. In the fourth and sixth counts, plaintiff Lucille Sahagian seeks compensation under § 22-357 for the emotional distress she suffered while witnessing the incident.
The defendants argue that the first count does not CT Page 13995 sufficiently state facts upon which relief can be granted under General Statutes § 22-357. The defendants contend the count is deficient because Rebecca Gangemi has failed to allege that at the time of the injury the child was not teasing, tormenting, or abusing the defendants' dog. Section 22-357 creates a presumption that a child under seven years of age was not abusing the dog: "If a minor, on whose behalf an action under this section is brought, was under seven years of age at the time the damage was done, it shall be presumed that such minor was not committing a trespass or other tort, or teasing, tormenting or abusing such dog, and the burden of proof shall be upon the defendant in such action." Since Rebecca Gangemi has alleged that the child was six years old at the time of the incident, she need not allege any additional facts regarding the child's conduct with respect to the dog. The defendants' motion to strike the first count must be denied.
The defendants next argue that Lucille Sahagian can not make claims under § 22-357 for bystander emotional distress and negligent infliction of emotional distress. In a recent case, a Connecticut trial court addressed whether a person who witnessed a dog attack on another person can recover under § 22-357 for emotional distress. In Pastore v. Mancini, Superior Court, Judicial District of New Haven at New Haven, Docket No. 368943 (November 27, 1995, Zoarski, J., 15 Conn. L. Rptr. 251), the court concluded the plaintiff did not fall within the class of persons § 22-357 was intended to protect. This court, like the court in Pastore, concludes the statute does not impose strict liability on an owner or keeper of a dog for the emotional distress suffered by a bystander. Accordingly, the motion to strike the fourth and sixth counts is granted.
The motion to strike is denied as to the first count and is granted as to the fourth and sixth counts.
THIM, JUDGE CT Page 13996