[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (104.10) OF DEFENDANTS MARTIN P. HEISE AND GERALD S. BERSON
 I.
The plaintiff, Bruce R. Rosow, brought this action against the defendants Martin P. Heise (Heise), Gerald S. Berson (Berson) and seven other defendants seeking damages for wrongful filing of a foreign judgment, conspiracy to abuse process, misrepresentation, breach of contract and violation of the Connecticut Unfair Trade Practices Act (CUTPA) § 42-110a, et seq. The defendants Heise and Berson, who are nonresidents of Connecticut, have moved to dismiss. They claim that they have insufficient contacts with the state which deprive the court of personal jurisdiction over them and that they are not otherwise subject to in personam jurisdiction under § 52-59b. For the reasons that follow, their motion to dismiss is denied.
 II.
This case originates from the plaintiffs involvement as a partner in a certain real estate transaction known as the First Bank Building in Lakeland, Florida. The plaintiff alleges that he surrendered his partnership interest on or about April 19, 1990 to the partnership and/or the defendants. In June 1992, the Circuit Court for Polk County, Florida, entered a judgment in the amount of $339,440.65, plus interest, in favor of First Union National Bank of Florida (First Union) against the plaintiff and nine other co-debtors, jointly and severally. See Heise v. Rosow, Superior Court, judicial district of New Britain at New Britain, Docket No. 485030 (May 10, 1999, Shortall, J.). On August 18, 1992, four of the co-debtors, defendants, John A. Amodio, Louis C. Amodio, Edward R. Mauro (Mauro), and Berson,[1] paid First Union $129,991.20 in satisfaction of its claims against them and were released from further liability. Id. On the same date, these four co-debtors executed a Memorandum of Trust naming the defendant Heise as the trustee and themselves as the settlors and beneficiaries. Id. Heise later paid First Union an additional $194,986.84 on behalf of the settlor/beneficiaries for an assignment of the judgment to himself as Trustee. Heise filed and certified the Florida judgment in the superior court, judicial district of New Britain, under the Uniform Enforcement of Foreign Judgments Act (UEFJA), Conn. Gen. Stat. § 52-604, et seq., CT Page 7971 and seeks therein the sum of $217,373.05[2] from the plaintiff. Id.
The plaintiff here moved to set aside the Florida judgment in the New Britain proceeding claiming that it was assigned to co-judgment debtors, and thus the judgment was deemed to be fully paid by the co-judgment debtors. Id. On May 10, 1999, the court,Shortall, J., held that the Florida judgment may not be enforced for its full amount, and granted the plaintiffs motion to set it aside.
The plaintiff filed his complaint on September 10, 1998. Heise and Berson filed their motion to dismiss on October 28, 1998, with an accompanying memorandum of law, claiming that the court lacks personal jurisdiction over them. The plaintiff filed an objection to the motion to dismiss on November 6, 1998. Heise and Berson filed a reply brief on March 26, 1999, and the court heard oral argument.
 III.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v.State, 190 Conn. 622, 624, 461 A.2d 991 (1983).
"When a [trial] court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Antinarella v. Rioux,229 Conn. 479, 489, 642 A.2d 699 (1991). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided on that alone." (Internal quotation marks omitted.) Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988).
 IV.
Under Connecticut law, "a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership, or his or its executor or administrator, who in CT Page 7972 person or through an agent: (1) Transacts any business within the state; or (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses or possesses any real property situated within the state." General Statutes § 52-59b(a).
Heise and Berson argue that the court lacks personal jurisdiction over them because a tort within the state of Connecticut has not been alleged. Heise and Berson insist that they merely sought to enforce a foreign judgment under the UEFJA and that their submission to jurisdiction in one proceeding does not confer jurisdiction over them in another proceeding. Berson also argues that he should not be subject to jurisdiction in Connecticut since he merely is a beneficiary of the trust and has no other ties to this state.
The plaintiff argues that the alleged tortious conduct arises out of the act of filing a foreign judgment within Connecticut, and further claims that the filing was wrongful because it did not accurately reflect whether the judgment was satisfied in whole or in part, or the correct balance remaining due. The plaintiff further claims that the defendants misrepresented the amount due on the judgment, the true value of the judgment and the manner in which the judgment was obtained. The plaintiff further contends that Heise and Berson improperly challenge the legal sufficiency of the complaint with a motion to dismiss.
 A.
Heise and Berson insist that the Connecticut courts lack jurisdiction over them because the plaintiff has failed to allege any tortious conduct as to them. In their memorandum in support of their motion to dismiss, Heise and Berson claim that the plaintiff has failed to state a cause of action for abuse of process and misrepresentation in counts one and two respectively. Heise and Berson indicate that the plaintiff only alleges the CT Page 7973 "bare elements" of the tort of abuse of process in count one and does not adequately allege an action for misrepresentation in count two. These arguments are more appropriately addressed by a motion to strike. "[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action." Pratt v. Old Saybrook, 225 Conn. 177,185, 621 A.2d 1322 (1993). As Heise and Berson's motion to dismiss seeks to challenge the legal sufficiency of the plaintiffs cause of action, it must fail on this ground.
 B.
Heise and Berson further assert that the court should grant their motion to dismiss because personal jurisdiction in one case does not confer personal jurisdiction over the same party in another case, citing Kim v. Magnotta, 49 Conn. App. 203, 210,714 A.2d 38 (1998), rev'd on other grounds, 249 Conn. 94, ___ A.2d ___ (1999). The plaintiff argues that the improper efforts to collect a Florida judgment in Connecticut constitute a tortious act or transacting business within the state under General Statutes § 52-59b. I conclude that the court has jurisdiction over Heise and Berson in this suit because this case arises out of their alleged tortious acts in Connecticut.
At least one Connecticut court has held that the tortious bringing of a lawsuit within Connecticut can subject the former plaintiff to jurisdiction within the state. In Daly ElectricalContractor, Inc. v. Conte, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 155499 (November 26, 1997, Lewis, J.), the plaintiff filed an action for vexatious litigation in the Connecticut Superior Court. The plaintiff claimed that the defendants had no basis "in law or fact" for a previous lawsuit brought in the United States District Court for the District of Connecticut. Id. It argued that the court had personal jurisdiction in Connecticut under General Statutes §52-59b, the Connecticut long-arm statute. Id. The court held that it could assert its long-arm jurisdiction over the defendants because the plaintiff alleged that the defendants committed a tortious act in the state by bringing a suit in the federal court. Id. Similarly, Heise and Berson allegedly utilized the filing and certification process for foreign judgments under UEFJA in a wrongful manner within Connecticut. If so, this constitutes a tortious act within the state pursuant to General Statutes § 52-59b. CT Page 7974
Moreover, Heise and Berson's reliance upon Kim v. Magnotta, supra. 49 Conn. App. 209, is misplaced. In Kim the court concluded that a trial court lacked jurisdiction to open a stipulated judgment when the plaintiffs failed to file a motion to open within four months of the entry of judgment. Id. The plaintiffs claimed that the court had independent jurisdiction to open the judgment because they brought a separate action seeking rescission of the agreement. Id. The court held that the trial court did not have jurisdiction after the passage of the four month period provided in the statute. Id. Unlike Kim the plaintiff in the present case alleges that the manner in which the defendants filed and attempted to collect on the Florida judgment constituted a tortious act. Since the court has an independent basis for the exercise of jurisdiction over Berson and Heise pursuant to General Statute § 52-59b, Kim is distinguishable from the present case and inapposite. As a tortious act was allegedly committed in the state, the motion to dismiss also fails on this ground.
 C.
Berson also argues that the court may not exercise jurisdiction over him because he is merely the beneficiary of a trust that owns a Florida judgment and the trustee has attempted to have the Florida judgment certified in Connecticut. Berson submitted an affidavit indicating that he has no other substantial contacts with this state. The plaintiff contends that Heise acted as the agent for Berson and the other defendants when he wrongfully attempted to certify and collect on the Florida judgment.
A court may exercise jurisdiction over foreign individuals only if the defendants' interstate activities meet the requirements of the Connecticut long-arm statute, General Statutes § 52-59b, and the due process clause of the United States constitution. See Thomason v. Chemical Bank,234 Conn. 281, 285-86, 661 A.2d 595 (1995). General Statutes §52-59b provides in relevant part that "a court may exercise personal jurisdiction over any nonresident individual . . . who in person or through an agent . . . commits a tortious act within the state." The plaintiff alleges that Heise, acting as the agent for Berson and other defendants, misused and misapplied Connecticut civil process. CT Page 7975
"[T]he three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking." (Internal quotation marks omitted.) Hallas v. Boehmke Dobosz.Inc., 239 Conn. 658, 673, 686 A.2d 491 (1997). "The existence of an agency is a question of fact. . . . Whether a relationship of trust or of agency is created depends upon the intention of the parties . . . The circumstance that the representative is called a `trustee' has not prevented courts from finding that he was in fact an agent."[3] (Citations omitted; internal quotation marks omitted.) Fuessenich v. DiNardo, 195 Conn. 144, 159, 487 A.2d 514
(1985). In deciding a motion to dismiss, the court "must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Antinerella v. Rioux, supra,229 Conn. 489. Since the plaintiff alleged that Heise acted as the agent for Berson when he allegedly committed a tortious act in Connecticut and Berson has not provided any affidavits disputing this fact, I conclude that the court may exercise personal jurisdiction over Berson based upon General Statutes § 52-59b.
In addition, I find that the exercise of personal jurisdiction satisfies due process requirements. The United States Supreme Court has held that "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." (Internal quotation marks omitted.) Burger King Corp.v. Rudzewicz, 471 U.S. 462, 474-75, 105 S.Ct. 2174, 85 L.Ed.2d 528
(1985).
Furthermore, it is well settled that a beneficiary of a trust may become subject to personal jurisdiction within Connecticut even though the beneficiary has no other contacts with the state. In United States Trust Company v. Bohart, 197 Conn. 34, 38,495 A.2d 1034 (1985), the defendants, minor beneficiaries of a trust from Texas, argued that the court lacked personal jurisdiction over them based upon the due process requirements of the United States constitution. In that case, the plaintiff brought suit for CT Page 7976 approval of its account as trustee for a terminated inter vivos trust. Id., 36. The trust was created by Connecticut residents, and the trust specifically provided that it would be administered under Connecticut law and any accounting action would be litigated in Connecticut. Id., 39-40. The Connecticut Supreme Court held that Connecticut courts had jurisdiction over the defendants under the United States constitution because "the defendants should reasonably have foreseen being haled into the Superior Court to defend [the] case." Id., 42.
I conclude that the circumstances of this case make it reasonably foreseeable that Berson would become subject to personal jurisdiction in Connecticut based upon the certification of the Florida judgment and the attempts to collect it in this state. It is undisputed that Berson and three other defendants were the settlors and the beneficiaries of a trust that sought filing and certification of the Florida judgment through Heise in order to collect on it. Based upon the facts of this case, it is evident that Berson purposely availed himself of Connecticut jurisdiction when Heise, acting on his behalf, filed and sought to certify the foreign judgment. When Berson availed himself of the courts of this state, through Heise as a proxy, whether in a beneficiary/trustee or principal/agent relationship, he "should reasonably have foreseen being haled" into them to defend this case. This claim also fails.
 CONCLUSION
For the reasons stated, the motion to dismiss of Heise and Berson is denied.
Teller, J.