[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 101)
On April 23, 1999 the plaintiff, PrinVest Corporation, filed a complaint with count one directed against the defendant, Naek Construction Company, and count two against the defendant American Insurance Company. The complaint alleges, in pertinent part, that PrinVest had executed promissory notes and other related documents with E.S. Ondy Inc., wherein Ondy assigned to PrinVest all proceeds due or to become due to Ondy under all contracts between Ondy and Naek.
PrinVest alleges further that Naek executed a Labor and Materials Payment Bond (surety bond) with American Insurance. By its terms, the surety bond was for the benefit of any claimant having a "direct contract with Naek or with a subcontractor of Naek for labor, materials or both" should Naek fail to provide payment for said labor or materials. (Plaintiff's complaint, Count Two, ¶ 16). PrinVest alleges that American Insurance failed to make any payments to PrinVest pursuant to PrinVest's claims filed under the terms of the surety bond.
Before the court is American Insurance's motion, filed on July 9, 1999 together with its memorandum of law, to dismiss the second count of PrinVest's complaint on the ground that Prinvest lacks standing to assert the claim contained therein, thereby depriving the court of subject matter jurisdiction over the count. On July 23, 1999, the defendants filed a memorandum of law in opposition to the plaintiff's motion to dismiss, attaching the affidavit of Dean W. Baker, PrinVest's counsel, a copy of a notice of assignment from Ondy to PrinVest, a copy of the surety bond, and a copy of Naek and Ondy's subcontract agreement.
The purpose of a motion to dismiss is to challenge "the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action." Pratt v. Old Saybrook,
CT Page 15584225 Conn. 177, 185, 621 A.2d 1322 (1993). Whether a plaintiff has standing "implicates a court's subject matter jurisdiction [and] may be raised at any point in judicial proceedings." StamfordHospital v. Vega, 236 Conn. 646, 656, 674 A.2d 821 (1996). "Once the lack of jurisdiction of a court is raised, it must be disposed of . . . and the court must fully resolve it before proceeding further with the case." (Citations omitted.) Castro v.Viera, 207 Conn. 420, 433-34, 541 A.2d 1216 (1988). "If a party is found to lack standing the court is without subject matter jurisdiction to determine the cause." Tomlinson v. Board ofEducation, 226 Conn. 704, 717, 629 A.2d 333 (1993).
The court may grant or deny a motion to dismiss based upon facts alleged in the existing record and those alleged in affidavits and exhibits attached to the motion to dismiss or plaintiff's memorandum in opposition thereof. Barde v. Board ofTrustees, 207 Conn. 59, 539 A.2d 1000 (1988). The burden of proof is on the plaintiff to prove standing; Fink v. Golenbock,238 Conn. 183, 199, 680 A.2d 1243 (1996); however, the court must construe the facts alleged in the record, and those necessarily implied therefrom, in a light most favorable to the plaintiff.Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
American Insurance argues that PrinVest lacks standing to assert a claim against it because PrinVest failed to allege facts sufficient to bring Prinvest within the definition of "claimant" as set forth in the terms of the surety bond instrument executed between American Insurance and Naek.[1] American Insurance further argues that PrinVest also failed to allege any relationship whatever with the labor and material contracts executed between Ondy and Naek, payments for which were guaranteed by the surety bond.
PrinVest argues that the surety bond between American Insurance and Naek was executed pursuant to General Statutes §§ 48-41 through 49-43, which provide for the furnishing of bonds guaranteeing payment on public works construction projects. Known as the `Little Miller Act,' the statutes are modeled after 40 U.S.C. § 270a through 270d, the federal `Miller Act,' therefore, "[the Connecticut Supreme Court has] regularly consulted federal precedent to determine the proper scope of [the] statute." Blakeslee Arpaia Chapman Inc. v. El ConstructorsInc., 239 Conn. 708, 716, 687 A.2d 506 (1997). In Blakeslee, the court stated that "the statutory requirements [of the `Little Miller Act'] establish only a floor of protection beneath which CT Page 15585 the coverage of a payment bond cannot fall . . . in other words, the provisions of the payment bond may create more extensive liability for the surety . . . if there is any ambiguity [in the language of the bond], it must be interpreted most strongly against [the surety]." (Internal quotation marks omitted) Id. Additionally, federal case law expressly established that "assignees of persons furnishing labor or materials [come] within the protection of the statutory [surety] bond." United States v.Carter, 353 U.S. 210, 219-20, 77 S.Ct 793, 1 L.Ed.2d 776
(1957).
"In Connecticut it is well established in the common law that an assignee stands in the shoes of the assignor" and that PrinVest has alleged, in paragraphs 5-7 of its complaint, facts sufficient for the court to find that PrinVest is an assignee of any and all claims that Ondy could, absent said assignment, assert against American Insurance. National Loan Investors Ltd.Partnership v. Heritage Square Associates, 54 Conn. App. 67, 75, ___ A.2d ___ (1999). In a case factually distinguishable from the instant case, the Connecticut Supreme Court recently refused to extend the holding of Carter to Connecticut's `Little Miller Act.' Dysart Corp. v. Seaboard Surety Co., 240 Conn. 10,688 A.2d 306 (1997). In Dysart, the plaintiff company argued that the defendant's employees endorsed their paychecks over to the plaintiff, thereby making it an assignee of each employee's potential claim against the defendant under the provision of a surety bond. See id., 15. Although the court recognized that an "assignment of a debt in Connecticut may also entail a concomitant equitable assignment of any security for that debt," it held that the plaintiff was merely a holder of the endorsed checks, not an assignee and therefore was not protected under the terms of the surety bond. See id., 21.
In the instant case however, PrinVest attached an affidavit of its counsel, Dean W. Baker, to its memorandum in opposition to the motion to dismiss, wherein Baker states that Ondy expressly assigned the plaintiff any and all claims for proceeds due to Ondy by Naek. Furthermore, the attached exhibits include the "Commercial Instrument of Assignment of Claim" executed between PrinVest and Ondy, wherein Ondy expressly assigned "all rights to and interests in all moneys due or to become due . . . from the aforementioned [Naek Construction Company, Inc.] . . . to assignee [PrinVest]." Furthermore, American Insurance has failed to allege any facts indicating that the assignment by Ondy to PrinVest was expressly or implicitly prohibited within the terms CT Page 15586 of the surety bond instrument. Therefore, because PrinVest has alleged and provided evidence that it is an assignee of Ondy, which was a "claimant" within the scope of the terms of the surety bond, PrinVest assumes Ondy's place as a "claimant."[2]
Given Connecticut's policy of interpreting the scope of General Statutes §§ 49-41 through 49-43 consistent with the scope of 40 U.S.C. § 270a through 270d, as an assignee of Ondy's claims for proceeds due from Naek, PrinVest has standing to assert a claim against American Insurance for the collection of such proceeds pursuant to the terms of the surety bond.
Therefore, defendant Naek Construction's motion to dismiss the second count of PrinVest's complaint is denied as the court has subject matter jurisdiction over said count.
SKOLNICK, J.